UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL ALAN CROOKER  :
  :
  v.  :  C.A. No. 12-466L
  :
GLOBAL TEL LINK, et al.  :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff commenced this action in state court on May 17, 2012. Defendant Central Falls Detention Facility Corporation ("CFDFC") removed to this Court on June 26, 2012 asserting the existence of federal question jurisdiction because Plaintiff's Complaint alleges a violation of federal law, i.e., the Sherman Antitrust Act, 15 U.S.C. § 1, et seq. Plaintiff is currently a federal prison inmate serving a lengthy federal sentence at FMC Devens in Massachusetts. See United States v. Crooker, No. 3:07-CR-30038-DPW (D. Mass.).

Defendant CFDFC has moved to dismiss Plaintiff's Complaint and for ancillary relief "in light of the extraordinary, and extraordinarily frivolous, litigation tactics employed by Plaintiff, and his proven track record of circumventing the rules and orders of this Court." (Document No. 3 at p. 1). For the following reasons, I recommend that Defendant's Motion be GRANTED.

While an inmate at the Wyatt Detention Facility in Central Falls in 2011, Plaintiff initiated a nearly identical antitrust case in state court which was removed to this Court. See Crooker v. Global Tel Link, C.A. No. 11-229L (D.R.I.). On January 6, 2012, I issued a Report and Recommendation that Plaintiff's Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) (the three strikes rule applicable to indigent prisoner litigation) and for failure to pay the

civil case filing fee.  See Document No. 27 in C.A. No. 11-229L.  However, the Complaint was subject to reinstatement if Plaintiff paid the filing fee within thirty (30) days.  Id.  On February 28, 2012, Senior Judge Lagueux adopted my Report and Recommendation over Plaintiff's Objection and the prior case was dismissed.  See Document No. 32 in C.A. No. 11-229L.  Plaintiff never paid the filing fee and instead appealed to the First Circuit and, on May 9, 2012, it denied his Motion to dispense with payment of the appellate filing fee.  Plaintiff did not pay the appellate filing fee as Ordered and, on June 14, 2012, the First Circuit dismissed his appeal.

Undeterred by the Court's rulings, Plaintiff refiled the same basic lawsuit in State Court which triggered another removal to federal court.  Plaintiff has a history of abusive litigation practices and is subject to the three strikes rule contained in the Prison Litigation Reform Act (28 U.S.C. § 1915(g).  See generally Document No. 27 in C.A. No. 11-229L.  This is yet another example of those abusive and wasteful practices and this case should be summarily dismissed.

**Conclusion**

For these reasons and those detailed in my Report and Recommendation issued on January 6, 2012 in the earlier removed action, see Document No. 27 in C.A. No. 11-229L, I recommend that Defendant CFDFC's Motion to Dismiss (Document No. 3) be GRANTED.  Further, I recommend that Plaintiff's Complaint in this case be dismissed with prejudice as the refiling was a blatant attempt by Plaintiff to circumvent the PLRA's three-strikes rule and this Court's prior rulings that Plaintiff could not pursue those federal claims without payment of the $350.00 civil case filing fee. Finally, I recommend that Defendant CFDFC's requests for other "ancillary relief" in the form of

fees and costs be DENIED without prejudice to renewal if Plaintiff again attempts to resurrect these dismissed claims.[1]

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 16, 2012

---

[1] Although I recommend the denial of Defendant's requests for fees and costs, I do so with some degree of hesitation after reading Plaintiff's May 1, 2012 letter to counsel for Global Tel Link – a Defendant in this and the prior removed case. In that letter, Plaintiff states:

> Before I refile this case in Providence Superior Court I will once more give you a chance to settle this for the nominal sum of $600 and hence save your client many thousands in legal fees and expenses. Be advised that I have a lengthy history of refiling following dismissals. In one instance I refiled in six different courts until the defendants paid up.

(Document No. 3-1). Further, in follow-up letters dated May 12, 2012 and May 14, 2012, Plaintiff informed counsel for GTL to either "settle up" or he would refile and "GTL will have to pay another $350 removal fee as well as attorneys's fees, while I pay nothing at all except posting stamps" and that "[t]his time I intend to cause both GTL and CFDFC as much trouble as I possibly can." (Document Nos. 3-2 and 3-3). This is plainly an abuse of the litigation system and exactly the kind of tactics which Congress sought to limit by way of the PLRA.